UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BUTERBAUGH,<br><br>          Plaintiff,<br><br>    v.<br><br>BARCLAYS BANK DELAWARE, *et al.*,<br><br>          Defendants. | Case No.  1:22-cv-01196-AWI-EPG<br><br>ORDER RE: PLAINTIFF'S STIPULATION OF DISMISSAL DIRECTING PLAINTIFF TO FILE APPROPRIATE DISPOSITIONAL DOCUMENT<br><br>(ECF No. 15). |

Plaintiff Eric Buterbaugh ("Plaintiff") initiated this action in state court against Defendants Barclays Bank Delaware ("Barclays"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union"). On September 21, 2022, Defendant Trans Union filed a notice of removal removing the action to this Court. (ECF No. 1). Defendant Trans Union LLC filed an answer on September 26, 2022. (ECF No. 5). Defendant Experian filed an answer on September 28, 2022. (ECF No. 7). Defendant Equifax Information Services LLC filed an answer on October 21, 2022. (ECF No. 11).

On November 18, 2022, Plaintiff filed a stipulation of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dismissing this action with prejudice as to Defendant Experian only.  (ECF No. 15). The stipulation was signed by both Plaintiff and Experian. (Id.)

1

"Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations omitted). However, "[o]nce the defendant serves an answer or a motion for summary judgment. . .the plaintiff may no longer voluntarily dismiss under Rule 41(a)(1)." (Id.) In that case, Rule 41(a)(1)(A)(ii) allows plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."

Here, Defendants Trans Union and Equifax have both appeared in this action by filing answers to Plaintiff's complaint. Because parties who have appeared have not agreed to the dismissal, the claims against Experian cannot be dismissed under Rule 41(a)(1)(ii). *See Aswad v. ACA Receivables, L.L.C.*, 2007 WL 427591, *1 (E.D. Cal. Feb. 7, 2007) ("As the express language of this rule indicates, for a dismissal under Rule 41(a)(1)(ii) to be effective, all parties who have appeared must sign the stipulation.")

Accordingly, IT IS ORDERED that Plaintiff file an appropriate dispositional document in the form of a stipulation of dismissal signed by all parties who have appeared *see, e.g.*, Rule 41(a)(1)(A)(ii), by no later than December 12, 2022.

IT IS SO ORDERED.

Dated:   **November 28, 2022**                   /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

2