UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC BUTERBAUGH,**<br><br>**Plaintiff**<br><br>v.<br><br>**BARCLAYS BANK DELAWARE, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SERVICES LLC, TRANS UNION LLC, and DOES 1-10 inclusive,**<br><br>**Defendants** | **CASE NO. 1:22-CV-1196 AWI EPG**<br><br>**ORDER ON STIPULATION FOR BINDING ARBITRATION AND ORDER REGARDING ATTEMPTED STIPULATED DISMISSAL OF EXPERIAN INFORMATION SERVICES LLC**<br><br>(Doc. Nos. 10, 15) |

    This is a Fair Credit Reporting Act case that was removed from the Fresno County Superior Court. Since the removal of this case, Defendants Equifax Information Services LLC, Trans Union LLC, and Experian Information Services LLC have filed answers, see Doc. Nos. 5, 7, and 11, and Defendants Trans Union LLC and Experian Information Services LLC appear to have settled with Plaintiff, see Doc. Nos. 9, 14. Plaintiff has attempted to dismiss Experian Information Services LLC from this case by stipulation. See Doc. No. 15.

    On October 5, 2022, Plaintiff and Defendant Barclays Bank filed a stipulation for binding arbitration. See Doc. No. 10. The stipulation for binding arbitration is between Plaintiff and Barclays Bank only, explains that all of Plaintiff's claims against Barclays Bank are the subject of an arbitration agreement between Plaintiff and Barclays Bank, and requests that the Court compel arbitration and stay this case only as to Plaintiff's claims against Barclays Bank. No other Defendant has responded to the stipulation in any way.

With respect to the stipulation for arbitration, "courts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue." Granite Rock Co. v. International Bhd. Of Teamsters, 561 U.S. 287, 299 (2010). If a court orders the parties to arbitration, the Arbitration Act provides for the court to stay the matter pending completion of the arbitration. See 9 U.S.C. § 3; Ziober v. BLB Res., Inc., 839 F.3d 814, 817 (9th Cir. 2016). Here, the Court has no reason to question the formation of the arbitration agreement, the agreement's enforceability, or the agreement's applicability to the dispute between Plaintiff and Barclays Bank. Since no other Defendant has objected or responded to the stipulated arbitration despite ample time to file an objection, the Court detects no reason why it should not grant the stipulation. See Granite Rock, 561 U.S. at 299. Further, because there is at least one other Defendant (Equifax) who has not settled and appears to be actively litigating, the Court will stay the proceedings as to Plaintiffs' claims against Barclays Bank only. See 9 U.S.C. § 3.

With respect to the stipulated dismissal of Experian, the stipulation was filed on November 18, 2022, purports to be under Rule 41(a)(1)(A)(ii), and is signed by Plaintiff and Experian only. See Doc. No. 15. However, Rule 41(a)(1)(A)(ii) provides for an automatic dismissal if the stipulation is signed by "all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Parties who have filed an answer have "appeared" for purposes of Rule 41(a)(1)(A)(ii). See Carroll v. E One Inc., 893 F.3d 139, 145-46 (3d Cir. 2018); Marquez v. Truist Bank, 2022 U.S. Dist. LEXIS 151632, *3 n.1 (E.D. Cal. Aug. 23, 2022). Because Trans Union and Equifax have filed answers but did not sign the stipulated dismissal of Experian, the stipulated dismissal is ineffective under Rule 41(a)(1)(A)(ii). See id. Nevertheless, because more than ten days have passed since Plaintiff filed the ineffective dismissal, the Court will order Trans Union and Equifax to respond to the attempted dismissal of Experian. If Trans Union and Equifax file either notices of non-opposition or fail to respond, the Court will find that Trans Union and Equifax have consented to the dismissal of Experian and give effect to the November 18 stipulation.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The stipulation between Plaintiff and Defendant Barclays Bank for binding arbitration is (Doc. No. 10) is GRANTED;
2. Plaintiff and Defendant Barclays Bank shall submit to binding arbitration with respect to Plaintiff's claims against Barclays Bank as soon as possible;
3. This case is STAYED as to Plaintiff's claims against Defendant Barclays Bank only;
4. This case remains pending and proceeding against all other Defendants;
5. Plaintiff's purported stipulated dismissal of Defendant Experian Information Services LLC pursuant to Rule 41(a)(1)(A)(ii) (Doc. No. 15) is DEFECTIVE and INEFFECTIVE; and
5. As soon as possible, but in no event later than seven (7) days from service of this order, Defendants Trans Union and Equifax shall file either an opposition or notice of non-opposition to Plaintiff's stipulated dismissal of Defendant Experian.[1]

IT IS SO ORDERED.

Dated:   November 29, 2022

SENIOR DISTRICT JUDGE

---

[1] The Court will construe a failure to respond as a consent to the stipulated dismissal. Therefore, if Defendants file consents or fail to respond, the Court will view all Defendants as consenting to the dismissal of Experian and will give effect to Plaintiff's purported Rule 41(a)(1)(A)(ii) dismissal of Experian.